IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,313-01




EX PARTE REYES NOEL VILLALOVOS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 13,300-B IN THE 104TH DISTRICT COURT
FROM TAYLOR COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to thirty years’ imprisonment. The Eleventh Court of Appeals affirmed
his conviction. Villalovos v. State, No. 11-00-00193-CR (Tex. App.–Eastland 2001, no pet.). 
            Applicant contends the trial counsel rendered ineffective assistance because he failed to
investigate whether Applicant voluntarily released the victim in a safe place. Applicant also
contends that appellate counsel rendered ineffective assistance because he failed, among other things,
to advise Applicant of his right to petition for discretionary review pro se. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court
is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel
to respond to Applicant’s claims. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact and conclusions of law as to whether trial
counsel rendered ineffective assistance because he failed to investigate whether Applicant voluntarily
released the victim in a safe place. The trial court shall then make findings of fact as to whether
appellate counsel timely informed Applicant that he has a right to file a pro se petition for
discretionary review. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 15, 2010
Do not publish